POLITZER TOY MFG. CO., Inc., v. NATIONAL FRENCH FANCY
NOVELTY CO., Inc.

(District Court, S. D. New York. February 19, 1916.)

1. PATENTS ⬥179—CONSTRUCTION—COMPOSITION OF OLD MATTER.

A claim of a patent for a child's toy, which did not display any new principle of mechanics, or any new application of any principle, but was for a mere composition of old matter, the pleasing feature of which depended upon a concealed switch, which would cause the eyes to blink, should receive a narrow construction, limited to the exact form of the toy shown.

2. PATENTS ⬥179—CONSTRUCTION OF CLAIM—"CONCEALMENT."

The word "concealment," in its application to a claim of a patent for a toy for children, the pleasing feature of which was a concealed switch, which would make the eyes blink, means hidden from ordinary observation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Concealment.]

In Equity. Suit by the Politzer Toy Manufacturing Company, Incorporated, against the National French Fancy Novelty Company, Incorporated, involving patent No. 844,577, to Martha Borchardt, dated February 19, 1907. Decree for complainant.

Stephen J. Cox, of New York City, for plaintiff.
George L. Wheelock, of New York City, for defendant.

HOUGH, District Judge. It is held that the patent to Borchardt now in suit is a valid patent, disclosing the statutory requisites of novelty, etc. It is also held that the defendant has infringed upon this patent by the manufacture and sale of the article, a specimen of which is here produced and marked Plaintiff's Exhibit A.

[1] This is the kind of patent, however, which may be (and in many cases in the past has been) made the subject of unnecessary and expensive proceedings before a master. Therefore, in order to prevent, so far as in me lies, such proceedings, I go further than the requirements of this present hearing, and hold that the claim of the patent must be interpreted with the utmost narrowness.

What is it that enabled Mrs. Borchardt to get a patent upon this toy? The patent covers a new article of manufacture; a composition of matter. There is not shown or displayed in it any new principle of mechanics, or any other branch of science, or any new application of any principle of mechanics or science.

Without being able to define "invention," one may at times attempt to describe it, and the claim which undoubtedly operated on the minds of the officials of the Patent Office, and which operates on my mind to show invention, is the neat union, especially attractive to the childish mind, of familiar principles and old appliances in the form of a toy; for this composition of matter can only be useful to and among children. This adaptation of means to end, this embodiment of the means in a new form, certainly possesses some of the attributes of invention. But when a person does this, and no more than this, the inventive idea is so small that it must be confined to the exact form in which it is advanced; and this is especially so when the claim is

so narrowly drawn as this one. Indeed, it is only by such a narrow view of one's own invention that small patentees can get their devices through the Patent Office; and it is singularly unjust to the public to permit one whose application reveals no other invention than the smallest to enlarge or seek to enlarge the very narrow language of the claim as allowed.

Therefore I point out that Mrs. Borchardt's patent claims particularly that all of the parts which produce the pleasing result shall be concealed, and that the switch is described as having "a flexible part thereover"; that is, over the switch. Technically, I think, and certainly as described in the Borchardt patent, that that which is pressed in order to produce the desired illumination is a part of the switch. I refer for this to Fig. 2 of the patent, and to lines 55 et seq. of page 1 of the specifications.

Therefore, if an accounting is insisted upon in this matter, I direct that the interlocutory decree shall be so drawn that the master must hold, upon the accounting, that the toy, as made in substantial compliance with the method shown by Exhibit 13, does not infringe upon the Borchardt patent. With this limitation the plaintiff may take the usual decree.

Mr. Cox: Would it be too much for me to ask of your honor some definition of the word "concealment"? I do not, of course, ask it; I simply make that suggestion, because, if you will refer to the file wrapper, you will see that the patent is unnecessarily limited. There was nothing in the prior art which showed any kind of concealment, and it seems to me that is really a very important part of the invention, because, as I said, it makes the source of illumination a mysterious one.

The Court: [2] In answer to Mr. Cox's question, I shall hold, and make it the law of this case in this court (in order that exception thereto may be taken and appeal facilitated), that unless the external covering of the toy conceals, within the ordinary meaning of that word, the mechanical contrivance which produces the blinking eyes, the Borchardt patent is not infringed; and I submit and hold that the word "concealed" means "hidden from the ordinary observation" of those persons who would be likely to use and handle the appliance or contrivance to which the word "concealed" is applied. To take an actual example, I think that the apparatus shown and marked as an exhibit for identification, wherein the push button or switch is situated within the ear of the toy, is a concealment, because it is where it will not be observed by the child or children who are to be amused by the contrivance.